### KNERLL v. OCEAN ACCIDENT & GUARANTEE CORP., Limited.

(Supreme Court, Appellate Term. November 30, 1909.)

INSURANCE (§ 646*)—CREDIT INSURANCE—ACTION—BURDEN OF PROOF.

    A contract of credit insurance on certain accounts for sales of merchandise provided that the insured should bear a proportionate share of the loss, and covered actual loss "in excess of an initial or own loss to be borne" by insured, "being one and one-half per cent., but in no event to be less than $750 on the gross aggregate amount of all * * * sales" within a certain time and in a specified territory. *Held* that, in an action by the insured on the contract, it was necessary for plaintiff to show the gross aggregate amount of all sales made in the territory and within the time specified in the contract.

    [Ed. Note.—For other cases, see Insurance, Dec. Dig. § 646.*]

Appeal from Municipal Court, Borough of Manhattan.

Action by Louis Knerll against the Ocean Accident & Guarantee Corporation, Limited. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Frederick W. Catlin, for appellant.
Jacob Stone Freedman, for respondent.

SEABURY, J. The action is upon a contract of credit insurance. The contract guaranteed plaintiff against loss on certain classes of rated accounts for merchandise shipped and delivered between March 1, 1908, and February 28, 1909. The contract is dated June 9, 1908, and covers shipments of merchandise for a period of three months prior to its date.

The contract provided that the plaintiff, called "the guaranteed," should bear a proportionate share of the loss, and covers actual loss "in excess of an initial or own loss to be borne by the guaranteed,

---

being 1½ per cent., but in no event to be less than $750 on the gross aggregate amount of all the guaranteed's sales of merchandise shipped ·and delivered in the United States of America and in the Dominion of Canada between March 1st, 1908, and February 28th, 1909, both days inclusive." Under this provision of the contract it was necessary for the plaintiff to show the "gross aggregate amount of all" sales. made in the territory and within the time specified in the contract. This was essential in order to ascertain the "initial or own loss" which was to be borne by the plaintiff. The initial loss the plaintiff was to suffer, and the defendant was only liable for the loss in excess of the initial loss. The initial loss was to be 1½ per cent. upon the gross. amount of the plaintiff's sales which were covered by the contract but in no event less than $750. Thus the defendant's liability related only to losses in excess of the initial loss, the ·amount of which was predicated entirely upon the gross aggregate sales.

In the absence of evidence showing the amount of the gross aggregate sales covered by the contract, no standard was established by which the defendant's liability could be measured.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.